Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Melissa J. Levine
mlevine@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Parfums Christian Dior, S.A.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PARFUMS CHRISTIAN DIOR, S.A., <br><br> *Plaintiff* <br><br> v. <br><br> CHONGQING AQUA TRADING CO., LTD., CHONGQING QIJING E-COMMERCE CO., LTD., CHONGQING QINGYITANG TRADING CO., LTD., FOSHAN FANLENTINA TECHNOLOGY CO., LTD., GANSU HUATUO XINHUI TRADING CO., LTD., GANSU TINGLI TRADING CO., LTD., GUANGZHOU MAILAIFU BIOTECHNOLOGY CO., LTD., GUANGZHOU OUYELI COSMETIC CO., LTD., GUANGZHOU UNIQUE AROMA CO., LTD., GUANGZHOU XINZHENG TRADING CO., LTD., GUANGZHOU ZHENXIN FLAVORS & FRAGRANCES CO., LTD., HEBEI CHEFHI INTERNATIONAL TRADE CO., LTD., HK MIAOSI INTERNATIONAL CO., LIMITED, JIANGMEN JIANGHAI ANYIN TRADING CO., LTD., JINGKAI DISTRICT MINYAQIN DEPARTMENT STORE, MANNIKANG (SHENZHEN) TECHNOLOGY CO., LTD., QUANZHOU FENGZE DISTRICT HAOTONG TRADING CO., LTD., SENFULL | **CIVIL ACTION NO.** <br> **25-cv-2733 (AKH)** <br><br> [PROPOSED] <br> **FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** |

(GUANGDONG) TECHNOLOGY CO., LTD., SHANGHAI ROFEE INDUSTRY CO., LTD., SHANGHAI YIKEMAI INDUSTRIAL CO., LTD., SHAODONG CITY YEJIPING TOWN SHANGWEI DEPARTMENT STORE, SHENZHEN BEILISI TRADING CO., LTD., SHENZHEN FUHENGJIE TECHNOLOGY CO., LTD., SHENZHEN GLASSONE TRADING CO., LTD., SHENZHEN KAICHENXING TECHNOLOGY CO., LTD., SHENZHEN LONGGANG DISTRICT SHIYUN DAILY DEPARTMENT STORE, SHENZHEN YINGFEIER TRADING CO., LTD., SHISHI CITY JUN XIU CLOTHING FIRM, XIAMEN TONGAN DISTRICT BILLION RICKS DEPARTMENT STORE, XIAMEN YUCAI COSMETICS CO., LTD., YIWU JIAMAI TRADE CO., LTD., YIWU JOINWAVE TRADING COMPANY, YIWU JUKE E-COMMERCE CO., LTD. and YIWU ZZ TRADING CO., LTD.,

*Defendants*

**GLOSSARY**

| Term | Definition | Docket Entry Number |
|---|---|---|
| Plaintiff | Parfums Christian Dior, S.A. | N/A |
| Defendants | Chongqing Aqua Trading Co., Ltd., Chongqing Qijing E-Commerce Co., Ltd., Chongqing Qingyitang Trading Co., Ltd., Foshan Fanlentina Technology Co., Ltd., Gansu Huatuo Xinhui Trading Co., Ltd., Gansu Tingli Trading Co., Ltd., Guangzhou Mailaifu Biotechnology Co., Ltd., Guangzhou Ouyeli Cosmetic Co., Ltd., Guangzhou Unique Aroma Co., Ltd., Guangzhou Xinzheng Trading Co., Ltd., Guangzhou Zhenxin Flavors & Fragrances Co., Ltd., Hebei Chefhi International Trade Co., Ltd., HK MiaoSi International Co., Limited, Jiangmen Jianghai Anyin Trading Co., Ltd., Jingkai District Minyaqin Department Store, Mannikang (shenzhen) Technology Co., Ltd., Quanzhou Fengze District Haotong Trading Co., Ltd., Senfull (guangdong) Technology Co., Ltd., Shanghai ROFEE Industry Co., Ltd., Shanghai Yikemai Industrial Co., Ltd., Shaodong City Yejiping Town Shangwei Department Store, Shenzhen Beilisi Trading Co., Ltd., Shenzhen Fuhengjie Technology Co., Ltd., Shenzhen Glassone Trading Co., Ltd., Shenzhen Kaichenxing Technology Co., Ltd., Shenzhen Longgang District Shiyun Daily Department Store, Shenzhen Yingfeier Trading Co., Ltd., Shishi City Jun Xiu Clothing Firm, Xiamen Tongan District Billion Ricks Department Store, Xiamen Yucai Cosmetics Co., Ltd., Yiwu Jiamai Trade Co., Ltd., Yiwu Joinwave Trading Company, Yiwu Juke E-Commerce Co., Ltd. and Yiwu Zz Trading Co., Ltd. | N/A |
| Defaulting Defendants | Chongqing Aqua Trading Co., Ltd., Chongqing Qijing E-Commerce Co., Ltd., Chongqing Qingyitang Trading Co., Ltd., Foshan Fanlentina Technology Co., Ltd., Gansu Huatuo Xinhui Trading Co., Ltd., Gansu Tingli Trading Co., Ltd., Guangzhou Mailaifu Biotechnology Co., Ltd., Guangzhou Ouyeli Cosmetic Co., Ltd., Guangzhou Unique Aroma Co., Ltd., Guangzhou Xinzheng Trading Co., Ltd., Guangzhou Zhenxin Flavors & Fragrances Co., Ltd., Hebei Chefhi International Trade Co., Ltd., HK MiaoSi International Co., Limited, Jiangmen Jianghai Anyin Trading Co., Ltd., Jingkai District Minyaqin Department Store, Quanzhou Fengze District Haotong Trading Co., Ltd., Senfull (guangdong) Technology Co., Ltd., Shanghai ROFEE Industry Co., Ltd., Shanghai Yikemai Industrial Co., | N/A |

i

| | Ltd., Shaodong City Yejiping Town Shangwei Department Store, Shenzhen Beilisi Trading Co., Ltd., Shenzhen Glassone Trading Co., Ltd., Shenzhen Kaichenxing Technology Co., Ltd., Shenzhen Longgang District Shiyun Daily Department Store, Shenzhen Yingfeier Trading Co., Ltd., Shishi City Jun Xiu Clothing Firm, Xiamen Tongan District Billion Ricks Department Store, Xiamen Yucai Cosmetics Co., Ltd., Yiwu Jiamai Trade Co., Ltd., Yiwu Joinwave Trading Company, Yiwu Juke E-Commerce Co., Ltd. and Yiwu Zz Trading Co., Ltd. | |
|---|---|---|
| **Alibaba** | Alibaba.com Singapore E-Commerce Pte. Ltd. and/or any other entity that owns and/or operates the Alibaba.com online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York | N/A |
| **Sealing Order** | Order to Seal File entered on April 2, 2025 | 1 |
| **Complaint** | Plaintiff's Complaint filed on April 2, 2025 | 5 |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff | N/A |
| **New York Address** | 244 Madison Ave, Suite 411, New York, NY 10016 | N/A |
| **TRO Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on April 2, 2025 | 11-14 |
| **Lambert Dec.** | Declaration of Nicholas Lambert in Support of Plaintiff's Application | 14 |
| **Levine Dec.** | Declaration of Melissa J. Levine in Support of Plaintiff's Application | 13 |
| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on April 2, 2025 | 20 |
| **PI Order** | The Preliminary Injunction Order entered on April 24, 2025 | 17 |
| **Dior Products** | High quality men's and women's iconic fragrances recognized for their timeless, sophisticated and luxurious scents | N/A |

| Dior Marks | U.S. Trademark Registration Nos.: 2,529,417 for "<br><br>" for a variety of goods in Class 3; 577,253 for "*Miss Dior*"<br><br>" for a variety of goods in Class 3; 6,058,788 for "<br><br>*Miss Dior*<br>ROSE N'ROSES<br><br>" for a variety of goods in Class 3; 3,085,164 for "*Miss Dior Chérie*"<br>for a variety of goods in Class 3; 2,696,047 for "J'ADORE" for a variety of goods in Class 3; 2,455,674 for "J'ADORE" for a variety of goods in Class 3; 5,304,379 for "SAUVAGE" for a variety of goods in Class 3; 884,294 for "EAU SAUVAGE" for a variety of goods in Class 3; 2,823,387 for "FAHRENHEIT" for a variety of goods in Class 3; 1,482,938 for "FAHRENHEIT" for a variety of goods in Class 3 | N/A |
| --- | --- | --- |
| Counterfeit Products | Products bearing or used in connection with the Dior Marks, and/or products in packaging and/or containing labels bearing the Dior Marks, and/or bearing or used in connection with marks that are confusingly similar to the Dior Marks and/or products that are identical or confusingly similar to the Dior Products | N/A |
| Infringing Listings | Defendants' listings for Counterfeit Products | N/A |
| User Accounts | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| Merchant Storefronts | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |

|  | operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |  |
|---|---|---|
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | PayPal Inc. ("PayPal"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), Payoneer Inc. ("Payoneer") and PingPong Global Solutions, Inc. ("PingPong") | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, Alibaba, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants filed on June 23, 2025 | TBD |
| **Nastasi Aff.** | Affidavit by Gabriela N. Nastasi in Support of Plaintiff's Motion for Default Judgment | TBD |

iv

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiff's Dior Marks, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Gabriela N. Nastasi in support of Plaintiff's Motion for Default Judgment, the Certificate of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I.    **Defaulting Defendants' Liability**

1) Judgment is granted in favor of Plaintiff as to the First and Second Causes of Action pleaded in the Complaint (trademark counterfeiting and trademark infringement).

## II.    **Damages Awards**

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on trademark counterfeiting and infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiff is awarded Seventy-Five Thousand U.S. Dollars ($75,000.00) in statutory damages against each of thirty-two (32) Defaulting Defendants:

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

1

Chongqing Aqua Trading Co., Ltd., Chongqing Qijing E-Commerce Co., Ltd., Chongqing Qingyitang Trading Co., Ltd., Foshan Fanlentina Technology Co., Ltd., Gansu Huatuo Xinhui Trading Co., Ltd., Gansu Tingli Trading Co., Ltd., Guangzhou Mailaifu Biotechnology Co., Ltd., Guangzhou Ouyeli Cosmetic Co., Ltd., Guangzhou Unique Aroma Co., Ltd., Guangzhou Xinzheng Trading Co., Ltd., Guangzhou Zhenxin Flavors & Fragrances Co., Ltd., Hebei Chefhi International Trade Co., Ltd., HK MiaoSi International Co., Limited, Jiangmen Jianghai Anyin Trading Co., Ltd., Jingkai District Minyaqin Department Store, Quanzhou Fengze District Haotong Trading Co., Ltd., Senfull (guangdong) Technology Co., Ltd., Shanghai ROFEE Industry Co., Ltd., Shanghai Yikemai Industrial Co., Ltd., Shaodong City Yejiping Town Shangwei Department Store, Shenzhen Beilisi Trading Co., Ltd., Shenzhen Glassone Trading Co., Ltd., Shenzhen Kaichenxing Technology Co., Ltd., Shenzhen Longgang District Shiyun Daily Department Store, Shenzhen Yingfeier Trading Co., Ltd., Shishi City Jun Xiu Clothing Firm, Xiamen Tongan District Billion Ricks Department Store, Xiamen Yucai Cosmetics Co., Ltd., Yiwu Jiamai Trade Co., Ltd., Yiwu Joinwave Trading Company, Yiwu Juke E-Commerce Co., Ltd. and Yiwu Zz Trading Co., Ltd. pursuant to Section 15 U.S.C. § 1117(c) of the Lanham Act, plus post-judgment interest.

### III.  Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees, successors and assigns and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

    A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products

2

or any other products bearing the Dior Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Dior Marks;

B. operation of Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts in violation of this Order;

C. directly or indirectly infringing in any manner Plaintiff's Dior Marks;

D. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Dior Marks to identify any goods or services not authorized by Plaintiff;

E. using Plaintiff's Dior Marks or any other marks that are confusingly similar to the Dior Marks on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

F. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

G. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their

3

User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

H. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe any of Plaintiff's trademarks or other rights including, without limitation, the Dior Marks, or bear any marks that are confusingly similar to the Dior Marks pursuant to 15 U.S.C. § 1118;

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order, are permanently enjoined and restrained from:

A. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts.

4) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this

Order, including Third Party Service Providers who satisfy those requirements and are identified in this Order, are permanently enjoined and restrained from:

    A. operation of Defaulting Defendants' User Accounts and Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts; and

    B. instructing, aiding, or abetting any other person or business entity to engage in any of the activities referred to in subparagraphs III(1)(A) through III(1)(H) and III(3)(A) and III(4)(A) above, including without limitation, by providing services necessary for Defendants to continue operating Defendants' User Accounts and Merchant Storefronts in violation of this Order.

## IV.    Dissolution of Rule 62(a) Stay

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30-day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

## V.    Miscellaneous Relief

1) Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiff's counsel, appear and move for dissolution or modification of the provisions of this Order;

2) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

3) The Court releases the Five Thousand U.S. Dollar ($10,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 1250, New York, NY 10165; and

4) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

SIGNED this _____ day of _____, 2025, at ___3___ ℓ.m.

_____
HON. ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE

6